1 | CHRISTOPHER CHIOU
Acting United States Attorney
2 | Nevada Bar Number 14853
DANIEL D. HOLLINGSWORTH
3 | Assistant United States Attorney
Nevada State Bar No. 1925
4 | 501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
5 | (702) 388-6336
Daniel.Hollingsworth@usdoj.gov
6 | Attorneys for the United States

7

8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

9 | UNITED STATES OF AMERICA,                2:19-CR-064-APG-NJK

10 |                    Plaintiff,           **United States of America's Motion for**
**Enforcing the Interlocutory Order of Sale**
11 |        v.                               **of 991 Feather Haven Court, Henderson,**
**Nevada 89011 and Order**
12 | KING ISAAC UMOREN,

13 |                    Defendant.

14          The United States moves this Court to enforce the Order for an Interlocutory Sale of

15  the real property of 991 Feather Haven Court, Henderson, Nevada 89011 (991 Feather

16  Haven)[1] held in the name of King Isaac Umoren (Umoren).

17  _____

18  [1] MORE PARTICULARLY DESCRIBED AS:
PARCEL I:
19  LOT EIGHT (8) IN BLOCK TWO (2) OF AMENDED PLAT OF A PORTION OF
TWO CROWS UNITS 1, 2, 3 AND 4, AS SHOWN BY MAP THEREOF ON FILE IN
20  BOOK 85 OF PLATS, PAGE 23, AND AMENDED BY CERTIFICATE OF
AMENDMENT RECORDED DECEMBER 1, 1998 IN BOOK 981201 OF OFFICIAL
21  RECORDS AS DOCUMENT NO. 01274, AND THEREAFTER AMENDED BY
CERTIFICATE OF AMENDMENT RECORDED APRIL 19, 1999 IN BOOK 990419 AS
22  DOCUMENT NO. 00496, IN THE OFFICE OF THE COUNTY RECORDER OF
CLARK COUNTY, NEVADA.
23  EXCEPTING THEREFROM AND GRANTING HERETO AN EASEMENT FOR
INGRESS AND EGRESS OVER THOSE PORTIONS OF THE LOTS WITHIN SAID
24  SUBDIVISION DELINEATED AS "PRIVATE DRIVE AND UTILITY EASEMENT"
ON THE PLAT OF SAID SUBDIVISION.
25  PARCEL II:
A NON-EXCLUSIVE RIGHT AND EASEMENT OF INGRESS TO, EGRESS FROM
26  AND ENJOYMENT OF THE COMMON ELEMENTS AS SHOWN IN THAT
CERTAIN "DECLARATION OF PROTECTIVE COVENANTS, CONDITIONS AND
27  RESTRICTIONS AND GRANT OF RESERVATION OF EASEMENTS FOR EAST
HAWLEYWOOD OWNERS ASSOCIATION" RECORDED AUGUST 4, 1998 IN
28  BOOK 980804 AS DOCUMENT NO. 01812, OF OFFICIAL RECORDS, CLARK
COUNTY, NEVADA, TOGETHER WITH ANY AND ALL IMPROVEMENTS AND
APPURTENANCES THEREON. APN: 160-33-616-005.

The reasons for this request are to authorize Doug Sawyer to sell the property without the signature of Defendant Umoren since he will not cooperate to achieve the Court ordered interlocutory sale entered March 2, 2020, and to stop the continued increase of the delinquent (1) Clark County real property taxes, interest, and penalties and (2) HOA fees, interest, and penalties while the real property value has increased.

This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE CASE

On March 20, 2019, the Grand Jury returned a 16-Count Criminal Indictment for Umoren.[2] On March 26, 2019, this Court set the trial date for May 20, 2019.[3] Currently the calendar call is October 11, 2022, and the trial is October 17, 2022.[4]

This Court entered Lis Pendens on October 9, 2019, securing the judicial forfeiture of the real property known as 991 Feather Haven according to the Indictment.[5] The government recorded the Lis Pendens on December 11, 2019.[6] On December 31, 2019, the government filed a Motion for an Interlocutory Order of Sale of 991 Feather.[7] On March 2, 2020, this Court granted the government's motion.[8]

Umoren stopped paying the HOA fees on the property. The total amount of HOA fees due as of September 7, 2019, was $10,363.58 and continues to accrue.[9] As of December 19, 2019, there were delinquent real property taxes due in the amount of $3,697.51 with interest, late fees, and penalties accruing and as of March 18, 2022, this has increased to $9,102.35.

---

[2] *Id.*
[3] Initial Appearance/Arraignment & Plea, ECF No. 8.
[4] Orders to Continue, ECF Nos. 23, 26, 37, 64, 83, 104, 116, 143, 150, and 152.
[5] Notice of Lis Pendens, ECF No. 27.
[6] Clark County Recorder Official Records, Instrument No. 201912110001354.
[7] Motion for an Interlocutory Order of Sale of 991 Feather Haven Court, Henderson, Nevada 89011 and Order, ECF No. 46.
[8] Order granting 46 Motion for an Interlocutory Order of Sale of 991 Feather Haven Court, ECF No. 66.
[9] ECF Nos. 46 and 66.

While the property is pending the criminal trial, the amount of the delinquent assessment lien and the delinquent real property taxes will continue increasing.

## II. ARGUMENT

### A.  This Court Has the Authority to Issue an Interlocutory Order of Sale

The United States requested and this Court authorized Doug Sawyer to sell the real property located at 991 Feather Haven Court, Henderson, Nevada 89011.[10] The grounds for issuing the Order for an Interlocutory Sale were to liquidate the property to pay the past due homeowner association fees, taxes, assessments, special assessment, late fees, interest, and penalties, stopping the accrual of them against the real property value.

Through the Court's authority, it issued the Interlocutory Order of Sale.[11] Only one of the grounds for interlocutory sale is required since Supplemental Rule G(7)(b) is disjunctive.[12]

### B.  Under LCR 47-3, Non-Opposition to a Motion Implies Consent is Granted

In *Hurbace*, the Court held that if a party does not oppose a motion, then they have "consent[ed] to the granting of the motion under Local Criminal Rule 47-3."[13] On February 25, 2020, not only did Umoren not oppose the government's interlocutory sale motion for 991 Feather Haven, but he also filed a notice of non-opposition to the government's interlocutory sale motion.[14] However, Umoren is unwilling to sign the documents required for Doug Sawyer, the court authorized realtor, to sell 991 Feather Haven. Since Umoren did not oppose the interlocutory sale of 991 Feather Haven when it would have been a timely

---

[10] *Id.*

[11] Fed. R. Crim. P. 32.2(b)(7); Supplemental Rules G(7)(b)(i)(A)-(D) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (Supplemental Rules).

[12] *See Shelter Cove Marina, Ltd. v. M/Y ISABELLA,* No. 3:17-cv-01578-GPC-BLM, 2017 WL 5906673, 2 (S.D. Cal. Nov. 30, 2017) (explaining that another Supplemental Rule for interlocutory sale with similar language is disjunctive); *Cal. Yacht Marina-Chula Vista, LLC v. S/V OPILY*, No. 14-cv-1215-BAS-BGS, 2015 WL 1197540, 2 (S.D. Cal. Mar. 16, 2015) (same).

[13] *United States v. Hurbace,* No. 2:17-CR-00110-APG-CWH, 2019 WL 1984139, 2 (D. Nev. Apr. 10, 2019), *report and recommendation adopted*, No. 2:17-CR-00110-APG-CWH, 2019 WL 1983042, (D. Nev. May 2, 2019) (brackets added); LCR 47-3.

[14] Notice of Non-Opposition to Motions for Interlocutory Orders of Sale, ECF No. 65.

1    objection and took the time and expense to file a non-opposition response to the

2    government's motion for the interlocutory sale of 991 Feather Haven, this Court should

3    hold that Doug Sawyer can move forward with the sale of 991 Feather Haven without

4    Umoren's signature to enforce the Order for Interlocutory Sale.

5    **III. CONCLUSION**

6         Based on the foregoing reasons, this Court should enforce the interlocutory sale of

7    the real property located at 991 Feather Haven Court, Henderson, NV 89011 by allowing

8    Doug Sawyer to move forward with the sale without Umoren's signature.

9         Dated April 1, 2022.

10                         Respectfully submitted,

11                         CHRISTOPHER CHIOU
                            Acting United States Attorney

12                         /s/ Daniel D. Hollingsworth

13                         DANIEL D. HOLLINGSWORTH
                           Assistant United States Attorney

14

15

16                         IT IS SO ORDERED:

17

18                         ANDREW P. GORDON
                           UNITED STATES DISTRICT JUDGE

19                         DATED: April 25, 2022

20

21

22

23

24

25

26

27

28