JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KING ISAAC UMOREN,<br><br>Defendant. | 2:19-CR-064-APG-NJK<br><br>**Stipulation for Entry of Order of Forfeiture as to East Hawleywood Owners' Association and Order** |

The United States of America and East Hawleywood Owners' Association (EHOA), and its counsel, Troy L. Isaacson, agree as follows:

1. The Grand Jury sitting in Las Vegas, Nevada returned a 16-Count Criminal Indictment against King Isaac Umoren for violations of 18 U.S.C. § 1343, 18 U.S.C. § 1028A(a)(1), and 18 U.S.C. § 1957. Criminal Indictment, ECF No. 1.

2. King Isaac Umoren pled guilty to Counts 1, 8, and 12 of the Criminal Indictment charging him in Count 1 with wire fraud in violation of 18 U.S.C. § 1343; in Count 8 with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) with 1028A(c)(5); and in Count 12 with money laundering in violation of 18 U.S.C. § 1957, and agreed to the forfeiture of property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Indictment. Criminal Indictment, ECF No. 1; Plea Agreement, ECF No. 159; Change of Plea, ECF No. 161.

3. EHOA agrees to the civil judicial forfeiture or the criminal forfeiture of the following property:

1

      a.  991 Feather Haven Court, Henderson, Nevada 89011, APN 160-33-616-005, more particularly described as:

PARCEL I:

LOT EIGHT (8) IN BLOCK TWO (2) OF AMENDED PLAT OF A PORTION OF TWO CROWS UNITS 1, 2, 3 AND 4, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 85 OF PLATS, PAGE 23, AND AMENDED BY CERTIFICATE OF AMENDMENT RECORDED DECEMBER 1, 1998 IN BOOK 981201 OF OFFICIAL RECORDS AS DOCUMENT NO. 01274, AND THEREAFTER AMENDED BY CERTIFICATE OF AMENDMENT RECORDED APRIL 19, 1999 IN BOOK 990419 AS DOCUMENT NO. 00496, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA. EXCEPTING THEREFROM AND GRANTING HERETO AN EASEMENT FOR INGRESS AND EGRESS OVER THOSE PORTIONS OF THE LOTS WITHIN SAID SUBDIVISION DELINEATED AS "PRIVATE DRIVE AND UTILITY EASEMENT" ON THE PLAT OF SAID SUBDIVISION.

PARCEL II:

A NON-EXCLUSIVE RIGHT AND EASEMENT OF INGRESS TO, EGRESS FROM AND ENJOYMENT OF THE COMMON ELEMENTS AS SHOWN IN THAT CERTAIN "DECLARATION OF PROTECTIVE COVENANTS, CONDITIONS AND RESTRICTIONS AND GRANT OF RESERVATION OF EASEMENTS FOR EAST HAWLEYWOOD OWNERS ASSOCIATION" RECORDED AUGUST 4, 1998 IN BOOK 980804 AS DOCUMENT NO. 01812, OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA. APN: 160-33-616-005

(all of which constitutes property).

4.    EHOA has a legal right, title, or interest in the property because its interest was vested in EHOA rather than the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under 21 U.S.C. § 853(n)(6)(A).

5.    After the United States District Court has signed and entered this Stipulation for Entry of Order of Forfeiture as to East Hawleywood Owners' Association and Order (Stipulation) and the Final Order of Forfeiture, after the United States sells the property, and after all expenses and costs are paid, including, but not limited to, any outstanding monthly maintenance charges, all of the principal, per diem interest charges, outstanding taxes, expenses of custody, maintenance, repairs, sale costs, escrow advance, and casualty insurance, within a practicable time thereafter for the United States, the United States agrees

/ / /

EHOA will receive payment from the net sale proceeds of the property through escrow, calculated as follows:

      a. delinquent fees of $21,424.58 as of September 8, 2022;

      b. assessments of $220.00 accruing every month after September 8, 2022; and

      c. attorney's fees and costs of $ $3,508.88.

6. If an offer is made on the property, if the sale proceeds will not cover all expenses and costs, including, but not limited to, any outstanding monthly maintenance charges, all of the outstanding taxes, custodial expenses, maintenance, repairs, sale costs, escrow advance, and casualty insurance, and if EHOA agrees in writing to the sale price within one week of the government giving notice in writing of its intent to declare this Stipulation null and void and to reverse forfeiture of the property, the United States will not be held accountable for the remaining amount owed, and EHOA will be satisfied without being made whole. The payment to EHOA shall be in full settlement and satisfaction of all claims by EHOA arising from and relating to the detention and forfeiture of the property. Otherwise, this Stipulation shall be null and void, and EHOA may foreclose on the property.

7. In addition to paragraph 6, the United States also reserves the right, in its discretion, to release and/or to terminate the forfeiture of the property at any time. In either event, the Government shall promptly notify the lienholder of such action. A discretionary termination of release and forfeiture shall not be a basis for any award of attorney's fees, expenses, interest, and costs.

8. Payment to EHOA is conditioned upon the United States prevailing against the defendant and any other competing claims.

9. EHOA agrees to forfeit the property to the United States, subject to paragraphs 5-8. EHOA's agreement to forfeiture of the property in no way affects its lien rights under Nevada Law and the Declaration of Covenants, Conditions & Restrictions against any future owners of the property.

10. EHOA agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the property, subject to paragraphs 5-8.

11. EHOA agrees that no charges other than regular EHOA fees, referenced in paragraph 5b, will accrue against the property.

12. EHOA agrees to waive its right to any civil judicial forfeiture proceeding and any criminal forfeiture proceedings (proceedings) of the property in *United States v. King Isaac Umoren*, 2:19-CR-064-APG-NJK.

13. EHOA agrees to waive service of process of any and all documents filed in this proceeding but will receive service of process of any filed document through CM/ECF.

14. EHOA agrees to waive any further notice to it, its agents, or its attorneys regarding the forfeiture and disposition of the property.

15. EHOA agrees not to file any petition or other documents in this proceeding concerning the property in this case except as may be required by the United States Attorney's Office or this Court. Notwithstanding the above provision, if any party, person, or entity, who is not a signatory of this stipulation, files a petition, EHOA retains the right to file any documents to defend its rights concerning their interest in the property.

16. EHOA agrees to withdraw any claims, answers, counterclaims, petitions, or other documents, including, but not limited to, the Motion, ECF No. 166, it filed in this proceeding concerning the property when this Court grants the Stipulation.

17. Subject to the terms and conditions of this Stipulation, EHOA agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853, including, but not limited to, the filing of a third-party ancillary petition, the court having a third-party ancillary hearing, the court making factual findings regarding the forfeiture, the substitution and forfeiture of defendant's other assets, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment and the substitution and forfeiture of defendant's assets in any proceedings regarding the property, including, but not limited to,

/ / /

double jeopardy and due process under the Fifth Amendment to the United States Constitution.

18. Subject to the terms and conditions of this Stipulation, EHOA waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment and the substitution and forfeiture of defendant's other assets in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution.

19. Subject to the terms and conditions of this Stipulation, EHOA waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment and the substitution and forfeiture of defendant's other assets in any proceedings, regarding 991 Feather Haven Ct. in *this* case, including, but not limited to, excessive fines and cruel and unusual punishments under the Eighth Amendment to the United States Constitution.

20. Subject to the terms and conditions of this Stipulation, EHOA agrees to waive its right to a hearing on the forfeiture of the property.

21. Subject to the terms and conditions of this Stipulation, EHOA agrees to the conditions set forth in this Stipulation and the entry of the Final Order of Forfeiture incorporating by reference this Stipulation.

22. Subject to the terms and conditions of this Stipulation, EHOA agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Department of the United States Treasury, the Internal Revenue Service, the Federal Bureau of Investigation, their agencies, their agents, and their employees from any claim made by it or any third party arising from the facts and circumstances of this case.

23. Subject to the terms and conditions of this Stipulation, EHOA releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Department of the United States Treasury, the Internal Revenue Service, the Federal Bureau of Investigation, their agencies,

their agents, and their employees from any and all claims, rights, or causes of action of any kind that EHOA now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the civil judicial forfeitures and the criminal forfeitures.

24. The Stipulation contains the entire agreement between the parties.

25. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

26. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

27. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

28. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

29. Each party shall bear its own attorneys' fees, expenses, interest, and costs except paragraph 5a-c. A discretionary termination of forfeiture shall not be a basis for an award of attorneys' fees, expenses, interest, and costs.

30. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /

/ / /

IT IS HEREBY CERTIFIED, under 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: October 13, 2022  DATED: October 14, 2022

Isaacson Law

JASON M. FRIERSON
United States Attorney

_____
Troy L. Isaacson, Counsel for
East Hawleywood Owners'
Association

 /s/ Daniel D. Hollingsworth
Daniel D. Hollingsworth
Assistant United States Attorney

IT IS SO ORDERED:

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

DATED: October 18, 2022